IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WALTER MURRAY ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO._____ |
| ) | |
| JACOB LAW GROUP, PLLC ) | **CV412-85** |
| ) | |
| Defendant. ) | |
| ) | |

**NATURE OF ACTION**

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiff, Walter Murray ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Effingham, and City of Guyton.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Jacob Law Group, PLLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due,

or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. In connection with collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on October 17, 2011 at 3:58 P.M., and at such time, Defendant left the following voicemail message:

> "Hi, this message is for Walter Murray. My name is Jenae and I'm calling from the attorney's office here at The Jacob Law Group. It is important that you return my call today at 877-238-2868 my extension is 451. I will be here in the office until nine o'clock p.m. central time. This is an attempt to collect a debt and any information obtained will be used for that purpose. I am a debt collector and this call needs to be returned today. Thank you."

14. In its voicemail message of October 17, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling

Plaintiff to communicate with a debt collector.

15. Defendant called Plaintiff's cellular telephone on October 20, 2011 at 12:38 P.M., and at such time, left the following voicemail message:

> "Mr. Murray my name is Jessica and I'm calling from the attorney's office at Jacob Law Group. It's very important that you return my call today at 877-620-3818. Again that number is 877-620-3818. You can reach me until five. This is an attempt to collect a debt and any information obtained will be used for that purpose."

16. In its voicemail message of October 20, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

17. Defendant called Plaintiff's cellular telephone on October 28, 2011 at 9:52 A.M., and at such time, left the following voicemail message:

> "Hi this message is for Walter Murray. My name is Jenae and I'm calling from the attorney's office here at The Jacob Law Group. It is important that this phone call is returned today at 877-238-2868 my extension is 451. I will be here in the office until five o'clock p.m. central time. This is an attempt to collect a debt and any information obtained will be used for that purpose. I am a debt collector and this call needs to be returned today. Thank you."

18. In its voicemail message of October 28, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

19. Defendant called Plaintiff's cellular telephone on November 2, 2011 at 2:59 P.M., and at such time, left the following voicemail message:

> "This message is for Walter Murray. My name is [inaudible] calling from The Jacob Law Group. It's very important that you return my call today at 877-620-3818. Again the number's 877-620-3818. This is an attempt to collect a debt and any information obtained will be used for that purpose. Thank you."

20. In its voicemail message of November 2, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

21. Defendant called Plaintiff's cellular telephone on November 8, 2011 at 7:33 P.M., and at such time, left the following voicemail message:

> "This message is for Walter Murray. Walter, my name is Carla and I'm calling on behalf of The Jacob Law Group. It's important that you return this message today at 877-238-2868. Once again the number is 877-238-2868. Thank you."

22. In its voicemail message of November 8, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

23. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of November 8, 2011.

24. Defendant called Plaintiff's cellular telephone on November 9, 2011 at 4:33 P.M., and at such time, left the following voicemail message:

> "Walter, my name is Jessica. I'm calling from the attorney's office at Jacob Law Group. I need you to call me back today. My number is 877-620-3818. Again, that number is 877-620-3818. I'll be in my office until five. Walter, this is an attempt to collect a debt. And any information obtained will be used for that purpose. I need to hear from you today."

25. In its voicemail message of November 9, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

26. Defendant called Plaintiff's cellular telephone on November 14, 2011 at 7:20 P.M., and at such time, left the following voicemail message:

> "Mr. Murray, my name is Jessica. I'm calling from the attorney's office at Jacob Law Group. It's very important that you return my call today. You can reach me at 877-620-3818. Again, that number is 877-620-3818. I'll be in my office until five. This is an attempt to collect a debt and any information obtained will be used for that purpose."

27. In its voicemail message of November 14, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

28. Defendant called Plaintiff's cellular telephone on November 23, 2011 at 12:32 P.M., and at such time, left the following voicemail message:

> "Yes, this message is for Walter Murray. Guyton, Georgia. My name is Brad Chant calling here from the attorney's office at The Jacob Law Group. Walter, it is important that I do speak to you today. My telephone number here 877-620-3818. Once again that number 877-620-3818. You can reach me until five p.m. this evening central time. This is an attempt to collect a debt. Any information obtained will be

used for that purpose. I am a debt collector. Walter, I do need to speak with you today. Return this phone call. Thank you for your time."

29. In its voicemail message of November 23, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

30. Defendant called Plaintiff's cellular telephone on November 28, 2011 at 10:17 A.M., and at such time, left the following voicemail message:

> "This message is for Walter Murray. My name's Sergio Serron calling from the attorney's office here at Jacob Law Group. It's important you return my call today at 877-620-3818. Once again my number is 877-620-3818. I'll be in my office until five o'clock central standard time. Please return this call. It is important that we speak today. Thank you."

31. In its voicemail message of November 28, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

32. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of November 28, 2011.

33. In its voicemail message of November 28, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

34. Defendant called Plaintiff's cellular telephone on December 2, 2011 at

11:59 A.M., and at such time, left the following voicemail message:

> "Hi, this message is for Walter Murray. My name is Jenae and I'm calling from the attorney's office here at The Jacob Law Group. It is important that you return my phone call today at 877-238-2868 and my extension is 451. I will be here in the office until five o'clock p.m. central time. Walter, this is an attempt to collect a debt and any information obtained will be used for that purpose. I am a debt collector and this call needs to be returned today. Thank you."

35. In its voicemail message of December 2, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

36. Defendant called Plaintiff's cellular telephone on December 5, 2011 at 2:44 P.M., and at such time, left the following voicemail message:

> "Yes, this message is for Walter Murray. Guyton, Georgia. My name is Brad Chant calling here from the attorney's office at The Jacob Law Group. Walter, it is important that I do speak with you today. My telephone number here 877-620-3818. Again 877-620-3818. You can reach me until five p.m. today central time. This is an attempt to collect a debt. Any information obtained will be used for that purpose. I am a debt collector. Walter, I do need to speak with you today. It is important that you return this phone call."

37. In its voicemail message of December 5, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

38. Defendant called Plaintiff's cellular telephone on December 13, 2011 at 2:27 P.M., and at such time, left the following voicemail message:

> "This message is for Walter Murray. My name is Rosa. I'm calling from the attorney's office here at Jacob Law Group. It's very important that you return my call today. The number here is 877-620-3818, and I'll be in the office until nine p.m. central. This is an attempt to collect on a debt and any information obtained is used solely for that purpose. I am a debt collector. Thank you."

39. In its voicemail message of December 13, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

40. Defendant called Plaintiff's cellular telephone on December 28, 2011 at :28 P.M., and at such time, left the following voicemail message:

> "This message is for Walter Murray. My name is Anita, calling from the attorney's office, Jacob Law group. It is very important that you return my call today, 877-620-3818. Again, 877-620-3818, extension 463. This is an attempt to collect a debt and any information obtained will be used for that purpose. At this point in time Mr. Murray, it is within your best interest to return my call. Thank you."

41. In its voicemail message of December 28, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

42. Defendant willingly and knowingly placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the calls placed on October 5, 2011, October 7, 2011,

October 17, 2011, October 20, 2011, October 21, 2011, October 22, 2011, October 27, 2011, October 28, 2011, November 2, 2011, November 8, 2011, November 9, 2011, November 10, 2011, November 14, 2011, November 15, 2011, November 28, 2011, November 23, 2011, November 29, 2011, December 2, 2011, December 3, 2011, December 5, 2011, December 8, 2011, December 10, 2011, December 13, 2011, December 20, 2011, and December 28, 2011.

43. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(11)

44. Plaintiff repeats and re-alleges each and every allegation contained above.

45. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692(d)(6)

46. Plaintiff repeats and re-alleges each and every allegation contained above.

47. Defendant violated 15 U.S.C. § 1692(d)(6) by placing a telephone calls without meaningfully disclosing the caller's identity..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692(d)(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

48. Plaintiff repeats and re-alleges each and every allegation contained above.

49. Defendant violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
### VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

50. Plaintiff repeats and re-alleges each and every allegation contained above.

51. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

### TRIAL BY JURY

52. Plaintiff is entitled to and hereby demands a trial by jury.

This 28th day of March, 2012.

ATTORNEYS FOR PLAINTIFF
WALTER MURRAY

Respectfully submitted,

/s/ Dennis R. Kurz
Dennis R. Kurz
Georgia Bar No. 430489
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com